IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARKUS HUNTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **02-104-JPG** |
| | ) | |
| **GEORGE C. WELBORN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's "Motion for Court Order, or in the Alternative, for Reconsideration of Appointment of an Attorney." **(Doc. 40).** Plaintiff, who is incarcerated at Tamms "Supermax" Correctional Center, asserts that prison regulations prohibit him from communicating with other inmates at Tamms or other institutions, thus preventing him from obtaining affidavits and other discovery needed to prosecute his claims and fend off summary judgment. Plaintiff asks that the Court either order that plaintiff be permitted to obtain the needed affidavits, or appoint counsel to represent him.

The defendants acknowledge that, for safety and security reasons, plaintiff must obtain the approval of the chief administrative officer of Tamms, and any other institution where an intended correspondent is housed, before plaintiff may correspond with another inmate in an effort to obtain affidavits or other discovery materials. Defendants assert that plaintiff has not demonstrated that he has "exhausted administrative remedies" in that respect. Defendants would further require plaintiff to demonstrate the relevance of the information or materials sought from other inmates. Even if plaintiff is seeking relevant information from other inmates, defendants

1

contend that plaintiff can simply request those inmates appear at trial.  According to an affidavit submitted by the defendants, at Tamms the library staff are used as intermediaries when prisoners need to assist one another with their legal cases, thereby allowing the staff to screen correspondence for security breeches, such as the use of code.

The Court recognizes the security concerns to which the defendants allude.  However, the Court also must protect plaintiff's constitutional right to access the Courts and fairly prosecute his case.  The Court rejects plaintiff's request for counsel because the case does not appear to be very complex with respect to the legal theories involved, necessary discovery, etc.  Also, there is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants.  *Jackson v. County of McLean*, **953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).**  Moreover, it is still not clear that plaintiff will be prohibited from corresponding with other inmates, or that the use of an intermediary will not suffice.  Therefore, plaintiff's motion is premature in that respect.

The defendants' suggestion that plaintiff merely wait and blindly call inmates as witness at trial is <u>not</u> well taken– for starters, it would leave plaintiff unable to adequately defend against a motion for summary judgment.  Plaintiff must be able to conduct needed discovery.

With respect to the defendants' other suggestions– ordinarily, a litigant does not need to make a prior showing of relevance before submitting a discovery request, and the defendants generally lack standing to object to discovery requests not directed to them.  Of course, the prison must be concerned with interfering with plaintiff's legal activities, while still monitoring his activities for security reasons.  Prison officials may ultimately have to intervene in this action in order to perform their security duties and at the same time protect themselves from being sued

by plaintiff for interfering in this action.  Although Court intervention would be premature at this juncture, the Court is hopeful that a compromise can be swiftly reached without Court intervention.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Court Order, or in the Alternative, for Reconsideration of Appointment of an Attorney"**(Doc. 40)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED:  April 19, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
