IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARKUS HUNTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **02-104-JPG** |
| | ) | |
| **GEORGE C. WELBORN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's second motion for appointment of counsel.  **(Doc. 54).** Plaintiff contends that the legal research materials provided to him at Tamms Correctional Center are not helpful, little or no assistance is offered, and the prisoner who had been assisting him is no longer available.  Plaintiff also provides written documentation that multiple attorneys have declined to take his case.  Plaintiff contends that the Court should utilize its discretion and appoint counsel in the interest of efficiency and justice, so that a trained attorney can conduct discovery and act on his behalf.

There is no doubt that every litigant would benefit by being represented by counsel. However, there is no constitutional or statutory right to appointment of counsel in a civil case. ***Jackson v. County of McLean***, **953 F.2d 1070, 1071 (7th Cir. 1992);** see also **28 U.S.C. § 1915(d).** In deciding the request for counsel, the Court has considered all relevant information with emphasis on the following factors:

    (1)    plaintiff's diligence in attempting to secure counsel;

    (2)    the apparent merit of plaintiff's claim;

  (3) plaintiff's ability to investigate crucial facts;

  (4) the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;

  (5) plaintiff's ability to manage the litigation and present his case; and

  (6) the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-72 (7th Cir. 1987).

Although plaintiff has demonstrated that he has made reasonable attempts to retain counsel, the facts and issues in this case are not so complex that plaintiff cannot adequately conduct discovery and present his case without counsel. To date, plaintiff's pleadings, complete with lengthy citations to applicable statutes and cases, have been more than adequate and have demonstrated that he is capable of proceeding pro se.

  **IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel **(Doc. 54)** is **DENIED**.

  **IT IS SO ORDERED.**

  DATED: June 6, 2005

                s/ Clifford J. Proud
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**