IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARKUS HUNTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **02-104-JPG** |
| | ) | |
| **GEORGE C. WELBORN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court are two identical motions filed by plaintiff, both seeking to compel defendants to produce documents in response to requests for production propounded on or about September 1, 2004. **(Docs 42 and 46).** Also before the Court is the defendants' response. **(Doc. 50).** Each disputed request for production will be addressed in turn.

### Request No. 2

Request No. 2 is aimed at discovering grievances filed by plaintiff regarding legal mail not being sent, legal documents being destroyed, access to courts, staff misconduct by defendants Nix, Ellis, Bonifield, Goodman, Johnston, Elder, Ramsey, Jordan and Taylor. and responses thereto. Defendants objected that the request was vague and overly broad, but nevertheless turned over some documentation. Now, plaintiff contends documents for 1998 and 1999 were omitted. Defendants correctly note that the compliant pertains to events in 2000 and 2001. Plaintiff counters that the documents for 1998 and 1999 include the very grievances he contends sparked the defendants retaliatory activities.

The amended complaint does generally assert that plaintiff's grievances and/or legal

activities during 1998 and 1999 motivated the defendants' alleged retaliatory activities. Therefore, those specific grievances and/or other legal pleadings are relevant to this case. With that said, plaintiff's request for production is overly broad and vague and, frankly, the amended complaint **(Docs. 8 and 9)** is not specific enough to permit the Court to state with specificity which documents must be produced. Accordingly, defendants' objection will be sustained, but plaintiff is free to submit another request for production requesting the specific documents he claims motivated the alleged retaliatory activities.

### Request No. 3

Request No. 3 seeks all reports of individuals having knowledge of the occurrence alleged in the complaint. Defendants objected that the request was vague and overly broad, and they also asserted that some responsive documents could be protected by attorney-client privilege or the work product doctrine. The defendants otherwise produced responsive documents. Plaintiff now contends "cumulative counseling summary notes" for 1998 and 1999 were not produced, nor were the Tamms Correctional Center Inmate Orientation Manual for 1999. Defendants counter that the alleged retaliatory activities occurred in 2000 and 2001, placing the requested materials outside the scope of relevance.

The Court has recognized that the grievances and/or legal pleadings from 1998 and 1999 are relevant, in that they supposedly triggered the defendants' retaliatory activities. Nevertheless, plaintiff need not prove the propriety of his 1999 and 1998 complaints; he need only establish that those activities were the motivation for the defendants' alleged retaliatory activities. There is no indication to date that the defendants have asserted that the 1998 and 1999 grievances and/or legal pleadings do not trigger constitutional protection. Therefore, discovery

aimed at the underpinnings of the 1998 and 1999 grievances and/or legal pleadings is beyond the scope of relevance in this case. Accordingly, defendants' objection to request No. 3 is sustained.

**Request No. 10**

Request No. 10 seeks a copy of the defendants' job descriptions and duties at Tamms Correctional Center. Defendants objected to the relevance of the request. Defendants further note that they have provided plaintiff with copies of requested policies. Plaintiff asserts that proof that the defendants were not properly trained regarding how to handle mail, grievance and property will illustrate defendants' lack of value and concern, which increases the risk of retaliation.

Plaintiff's own explanation of why he needs the defendants' job descriptions indicates that prison policies and evidence of training are really what plaintiff seeks, not job descriptions. Whether the defendants were properly trained would illustrate negligence, which is not at issue in this case. The Court cannot fathom the relevance of the defendants' job descriptions vis-a-vis their alleged retaliatory motives. Although the production of job descriptions is a relatively innocuous request and would not be overly burdensome, relevance circumscribes the scope of discovery and the Court will not unnecessarily impose a burden upon defendants that is not required by law. Therefore, defendants' objection is sustained.

**IT IS THEREFORE ORDERED** that plaintiff's motions to compel **(Docs. 42 and 46)** are **DENIED** in all respects.

DATED: February 21, 2006            s/ Clifford J. Proud
                                                                                            CLIFFORD J. PROUD
                                                                                            U. S. MAGISTRATE JUDGE