IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARKUS HUNTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **02-104-JPG** |
| | ) | |
| **GEORGE C. WELBORN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel Tamms paralegal Joanne Hosch to permit plaintiff to work with "jailhouse lawyer" Benny Cunningham or, in the alternative, for appointment of counsel.  **(Doc. 92).**  The issues raised by plaintiff are not unfamiliar to the Court.  The Court recently considered and denied a very similar motion**,** wherein plaintiff more fully explained that inmates at Tamms, the Illinois's "supermax" correctional center, are not permitted to directly communicate to obtain legal assistance from jailhouse lawyers; instead, they must channel their documents through the law library/paralegal staff.  **(*See* Docs. 69, 74 and 94).**  Before that ruling, the Court had denied another similar motion.  **(*See* Docs. 40 and 47).**

Once agin, the Court must note that the Court lacks jurisdiction to compel a non-party, such as Ms. Hosch, to do anything with respect to this case.  If plaintiff feels his First Amendment right to access the Courts has been impeded to his prejudice, he is free to initiate another lawsuit.

The attachments to plaintiff's motion indicate he and inmate Cunningham failed to follow the prescribed procedure for conveying legal documents.  Therefore, it appears that

plaintiff can solve his problem himself, simply by following the prescribed procedures.

Insofar as plaintiff requests appointment of counsel for the fourth time, the Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" ***Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993)**; *see also Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005)**. There is no doubt that every litigant would benefit by being represented by counsel. However, it does not appear that the presence of counsel would make a difference in the outcome of this case. The facts and issues in this case are not so complex that plaintiff cannot adequately conduct discovery and present his case without counsel. As the Court has previously observed, to date plaintiff's pleadings, complete with supporting evidence and lengthy citations to applicable statutes and cases, have been more than adequate and have demonstrated that he is capable of proceeding pro se. It also does not appear that plaintiff has been improperly precluded from using the services of a "jailhouse lawyer."

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 92)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED:  July 14, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**

2