UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARKUS HUNTER,

    Plaintiff,

v.

GEORGE C. WELBORN, *et al.*,

    Defendants.

Case No. 02-cv-104-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Markus Hunter's ("Hunter") objections (Docs. 112 & 113) to two orders issued by Magistrate Judge Clifford J. Proud (Docs. 94 & 95). Hunter is an inmate at Tamms Correctional Center ("Tamms")  A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.* The Court addresses each order in turn.

**I.    Objection (Doc. 113) to July 13, 2006, Order (Doc. 94)**

Magistrate Judge Proud's July 13, 2006, order (Doc. 94) denied Hunter's request for an order directing the defendants to allow him to obtain affidavits from other inmates at Tamms and other Illinois Department of Corrections facilities in opposition to the defendants' motion for summary judgment or, in the alternative for appointment of counsel. Ordinarily, prison security rules do not permit inmates to communicate directly with each other unless they use library staff as intermediaries to communicate about legal assistance with other inmates housed in the same pod. Magistrate Judge Proud's order indicated that there was no apparent need for the requested

affidavits at the summary judgment stage and that, if they ended up being necessary to resist summary judgment, the Court would deny summary judgment and proceed to trial.  As for Hunter's request for appointment of counsel, Magistrate Judge Proud found that the case was not so complex that Hunter could not prosecute it himself without prejudice.

Hunter objects (Doc. 113) to Magistrate Judge Proud's finding that the affidavits he seeks do not appear necessary at this time, pointing out that he sought permission through the channels suggested by the defendants to obtain the affidavits he seeks, but that such permission was denied.

The Court has reviewed the relevant documents from the file, including the defendants' motion for summary judgment, and has determined that Magistrate Judge Proud's July 13 order was not clearly erroneous.  Critical to the Court's decision is Magistrate Judge Proud's indication that, when issuing a report and recommendation on the pending summary judgment motion, he will consider whether the unavailable affidavits are critical to resisting the motion. Thus, if Hunter believes they are critical, he should include in his response an explanation of the nature of the specific evidence he expects to be able to present through those affidavits and of why that evidence is relevant to the issues in the motion.  For these reasons, the Court **AFFIRMS** Magistrate Judge Proud's July 13 order (Doc. 94).

**II.     Objections (Doc. 112) to July 14, 2006, Order (Doc. 95)**

Magistrate Judge Proud's July 14, 2006, order (Doc. 95) declined to allow Hunter to serve additional interrogatories on defendants who had been in the case since its inception and from whom there had been adequate opportunity to obtain discovery on the relevant claims.  He noted that service of the additional interrogatories would require discovery responses beyond the discovery deadline and would, in some cases, amount to more than the 25 interrogatories allotted

under Federal Rule of Civil Procedure 33(a).  Magistrate Judge Proud did, however, allow Hunter to conduct discovery on newly added defendants.

The Court has reviewed the matter and has determined that Magistrate Judge Proud's order was not clearly erroneous.  Hunter had adequate time to seek discovery from the relevant defendants on all claims, including those in his newly amended complaint, and did not present any circumstances justifying more than 25 interrogatories or an extension of the discovery period.  For these reasons, the Court **AFFIRMS** Magistrate Judge Proud's July 14 order (Doc. 95).

**IT IS SO ORDERED.**
**DATED:  October 6, 2006**

>                             s/ J. Phil Gilbert
>                             **J. PHIL GILBERT**
>                             **DISTRICT JUDGE**