IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARKUS HUNTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **02-104-JPG** |
| | ) | |
| **GEORGE C. WELBORN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Defendants Elaine Bonifield, Karen Elder, Bryan Ellis, James Goodman, Charles Hinsley, Carolyn Nix, Sally Ramsey, David Taylor and George C. Welborn ("the defendants") are before the Court seeking summary judgment, pursuant to Federal Rule of Civil Procedure 56. This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff Markus Hunter is an inmate in the custody of the Illinois Department of Corrections, housed at Tamms Correctional Center.  Plaintiff alleges, in pertinent part, that from approximately August 27, 1999, through the present, the defendants retaliated against him for filing approximately 45 grievances.  **(Doc. 109).**  More specifically, plaintiff alleges defendants Welborn, Hinsley and Bonifield enforced a prison policy and practice whereby personal property, including legal documents and newly discovered evidence needed for plaintiff's post-conviction petition was lost.  Welborn, Hinsley and defendant Nix allegedly impeded the delivery of mail from the Court to plaintiff, causing the dismissal of three meritorious cases:

*Hunter v. Illinois*, 00-CC-0381; *People v. Hunter*, 91-CR-866; and *People v. Hunter*, 84-CD-14268. Defendant Elder and Goodman allegedly denied plaintiff legal assistance, gave him misleading legal advice, took plaintiff's legal papers, did not return legal papers in a timely fashion, overcharged for copies, and let other prison staff members see plaintiff's legal documents without permission. Defendants Ellis, Ramsey and Taylor undermined the grievance procedure and attempted to cover up for staff misconduct. In addition, Ellis denied all plaintiff's grievances; Ramsey failed to stop retaliation; and Taylor told plaintiff's sister she was not on plaintiff's visitor list. Plaintiff also generally asks the Court to exercise supplemental jurisdiction for conversion or destruction of property.

With respect to defendants Johnston, Jordan and Harner, who have not joined in the subject motion, the amended complaint alleges that they retaliated for specific grievances by destroying records and affidavits proving plaintiff was actually innocent of murder, and evidence needed to show cause for filing a successive petition for post-conviction relief.

**Issues Presented**

The defendants proffer a Statement of Undisputed Material Facts wherein: (1) defendants concede that plaintiff has filed approximately 45 grievances; (2) defendants assert that there is no policy or practice at Tamms to cause property or legal papers to be lost; and (3) generally denying the retaliatory acts alleged. Defendants argue:

1. Plaintiff has failed to identify any specific protected activity by him that was a motivating factor for the alleged retaliatory acts; plaintiff suggests nothing more than suspicious timing; and
2. There is no evidence of the defendants' personal involvement in any retaliatory acts by co-defendants Harner, Johnston and Jordan.

In opposition to the defendants' motion, plaintiff has filed a voluminous response and

declaration, generally contending that genuine issues of material fact exist that preclude summary judgment.  **(Docs. 130 and 131).**  Plaintiff takes issue with the defendants' assertions regarding their liability.  In plaintiff's version of events, he lodges grievances about how his personal property and legal materials are handled, legal assistance, and retaliatory acts, only to be subjected to more of the same.   **(Doc. 130, pp. 23-26 and Doc. 130-2, pp. 1-14).**  Plaintiff asserts that each defendant had personal knowledge and involvement in the alleged retaliation, in that he alerted each defendant orally and/or in writing to his complaints, yet no corrective action was taken; rather, more retaliatory acts occurred.  **(Doc. 130-2, pp. 14-20 and Doc. 130-3, pp. 1-8).**

### The Legal Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).**  In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;**

*Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson,* **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* **475 U.S. 574, 586 (1986)**. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* **477 U.S. at 252;** *Insolia v. Phillip Morris Inc.,* **216 F.3d 596 (7th Cir. 2000).**

## Analysis

The defendants' two arguments regarding suspicious timing and personal involvement are intertwined and will therefore be addressed simultaneously.

> An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283-84, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Matzker v. Herr,* 748 F.2d 1142, 1150 (7th Cir.1984), *limited on other grounds*, *Salazar v. City of Chicago*, 940 F.2d 233, 240-41 (7th Cir.1991). Prisoners have a constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court. *See Preiser*, 411 U.S. at 493, 93 S.Ct. 1827. Thus, a prison official may not retaliate against a prisoner because that prisoner filed a grievance. *See Babcock*, 102 F.3d at 274-75; *Black*, 22 F.3d at 1402-03; *see also Higgason*, 83 F.3d at 810 (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam) (same). This is so even if the adverse action does not independently violate the Constitution. *See Babcock*, 102 F.3d at 275.

*DeWalt v. Carter,* **224 F.3d 607, 618 (7th Cir. 2000).**

To state a cause of action for retaliation, "a complaint need only allege a chronology of events from which retaliation may be inferred." ***Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994) (citations and internal quotations omitted);** *Rasche v. Village of Beecher*, **336 F.3d**

**588, 598 (7th Cir. 2003).** However, at this juncture and at trial, more is required to prevail.

"[T]iming alone is insufficient to establish a genuine issue of material fact to support a retaliation claim." ***Kampmier v. Emeritus Corp.*, 472 F.3d 930, 939 (7th Cir. 2007).** As a preliminary matter, the plaintiff's speech must have been constitutionally protected. ***Vukadinovich v. Bd. of Sch. Trus. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002).** The defendant's actions must have been motivated by that constitutionally protected speech. ***See id.*** If the plaintiff can show that his constitutionally protected speech was a substantial or motivating factor, the defendant must show that he would have taken the same action in the absence of the plaintiff's First Amendment activity. ***See id.*** If the defendant carries that burden, **the plaintiff must then show that the defendant's proffered reasons were pretextual and** that retaliation was the real reason for the defendant's action. ***See id.***

In terms of evidence, as in other contexts where motivation is at issue, the plaintiff need not come forward with direct evidence or "the so-called smoking gun.;" circumstantial proof may be sufficient to establish the defendant's retaliatory motive. ***See Culver v. Gorman & Co.*, 416 F.3d 540, 545-46 (7th Cir. 2005); Massey v. Johnson, 457 F.3d 711, 717 (7th Cir. 2006).** Nevertheless, to survive the defendants' motion for summary judgment, plaintiff must show that there is more than just some metaphysical doubt as to a material question of fact, and the Court need only draw reasonable inferences. ***See Moser v. Indiana Department of Corrections*, 406 F.3d 895, 904-905 (7th Cir. 2005).**

There is no dispute that plaintiff's many grievances are a protected form of speech. Plaintiff filed an initial batch of grievances pertaining to defendants Johnston, Nix and Elder before he was moved out of Tamms on a writ in August 1999. **(Docs. 131-3 – 131-5).** Upon his

return to Tamms in September 2000 and through to mid-November 2001, plaintiff filed numerous other grievances. **(Docs. 131-8 – 131-17).** The Court thus finds sufficient evidence of specific protected activity that predates and/or is contemporaneous with the alleged retaliatory acts, thus providing the most basic chronology of events necessary to state a claim.

There is no dispute that the allegations that defendants Harner, Johnston and Jordan were personally and directly involved in the withholding of and/or destruction of plaintiff's legal documents must proceed to trial. **(*See* Doc. 130, pp. 24-26).** Consequently, those direct actors must proceed to trial. This Court's review of the evidence on record indicates there are three other defendants who can be characterized as direct actors in the alleged constitutional violations.

According to plaintiff, defendant Elder personally and directly failed to return plaintiff's legal documents and interfered with plaintiff's legal activities. **(Doc. 130-2, p. 11; Doc 131-2, p. 5).** Elder's affidavit generally denies any intentional retaliatory acts, although she leaves open the possibility that some of the documents could have been lost, and incorrect copying costs assessed– just not intentionally. **(Doc. 122-3, pp. 5-6).** Plaintiff also contends defendant Goodman was, admittedly, personally and directly involved in charging him for copies not received, withholding documents and otherwise undermining his legal activities. **(Doc. 130-2, pp. 12-13; Doc. 131-2, p. 6).** Goodman did not submit an affidavit or other specific evidence to counter plaintiff's assertions. In addition, plaintiff asserts that defendant Goodman told him that defendant Hinsley had instructed Goodman to destroy plaintiff's documents. **(Doc. 131, p. 6).** Defendant Hinsley did not submit an affidavit or other specific evidence to counter plaintiff's assertions. Therefore, material questions of fact remain regarding defendants Elder, Goodman

and Hinsley.

The other defendants, Bonifield, Ellis, Nix, Ramsey, Taylor and Welborn, allegedly failed to prevent or correct the aforementioned "direct actors" from retaliating against plaintiff for filing grievances. (*See* Doc. 131). By plaintiff's own account, these six "passive" defendants are linked to the alleged direct retaliatory acts solely by their knowledge of the predicate grievances. (*See* Doc. 122-9, p. 9; Doc. 131). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, **97 F.3d 987, 991 (7th Cir.1996) (internal quotation marks and citations omitted).** Therefore, the *respondeat superior* doctrine– blanket supervisor liability– is inapplicable to Section 1983 actions. *Sanville v. McCaughry*, 266 F.3d 724, 740 (7th Cir. 2001). For liability to attach to a supervisor, he or she must know about the unconstitutional conduct and facilitate it, condone it, or turn a blind eye. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Letters sent to prison administrators can establish a basis for liability, provided the aforementioned knowledge and personal involvement are also established. *See Vance v. Peters*, **97 F.3d 987, 994 (7th Cir. 1996).**

In this instance plaintiff has offered nothing more than speculation, which does not demonstrate a genuine issue of triable fact. Plaintiff stated in his deposition that his allegations against the other defendants are premised solely upon the fact that he had previously lodged grievances against them. **(Doc. 122-9, p. 9).** The fact that plaintiff utilized the prison grievance system does not rope everyone involved in that system into the alleged unconstitutional activity complained of in a grievance. Therefore, defendants Bonifield, Ellis, Nix, Ramsey, Taylor and

Welborn should be granted summary judgment.

## Recommendation

For the aforestated reasons, it is this Court's recommendation that defendants Elaine Bonifield, Karen Elder, Bryan Ellis, James Goodman, Charles Hinsley, Carolyn Nix, Sally Ramsey, David Taylor and George C. Welborn's motion for summary judgment **(Doc. 121)** be granted in part an denied in part.  More specifically, defendants Bonifield, Ellis, Nix, Ramsey, Taylor and Welborn should be granted summary judgment, while defendants Elder, Goodman and Hinsley should be denied summary judgment. If this report and recommendation is adopted, defendants Elder, Goodman, Hinsley, Johnston, Jordan and Harner would proceed to trial.

DATED:  October 9, 2007

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **October 26, 2007.**